UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANTHONY FRED MARTIN, ) | Civil Action No. 4:18-cv-0187-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| DENNIS BUSH, Warden, ) | |
| WASHINGTON, Associate Warden, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.   INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to protect him from a known risk of harm. Presently is Plaintiff's Motion to Recuse (ECF No. 53) the undersigned. All pretrial All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.   DISCUSSION

Plaintiff asks that the undersigned recuse himself from this case "due to bias towards the Defendants, prejudice towards the Plaintiff, and an inability to rule." Plaintiff argues that the undersigned's lack of rulings in his favor indicate corrupt motives. Plaintiff does not provide, and the Court is not aware of a basis for disqualification of the undersigned that would be appropriate in this matter. See 28 U.S.C. § 455. The undersigned is "presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary." Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 325 (4th Cir. 1994); see also U.S. v. Grismore, 564 F.2d 929,

933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."). A delay in a ruling or a ruling in the opposing party's favor is insufficient to warrant recusal. Under the objective standard, a reasonable outside observer, aware of all the facts and circumstances of this case, would not question the undersigned's impartiality. See id. at 286. Plaintiff's contentions are too vague, tenuous, or speculative to establish a violation requiring recusal/disqualification. "To disqualify oneself in such circumstances would be to set the price of maintaining the purity of appearance too high —it would allow litigants to exercise a negative veto over the assignment of judges." U.S. v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)(internal citations and quotations omitted). Therefore, Plaintiff's motion is denied.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Recuse (ECF No. 53) is **DENIED**.

**IT IS SO ORDERED**.

                                                             s/Thomas E. Rogers, III
                                                             Thomas E. Rogers, III
                                                             United States Magistrate Judge

March 21, 2019
Florence, South Carolina