UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANTHONY FRED MARTIN, | ) | Civil Action No. 4:18-cv-0187-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| DENNIS BUSH, Warden, | ) | |
| WASHINGTON, Associate Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to protect him from a known risk of harm. Presently before the court are Plaintiff's Motion for Sanctions (ECF no. 31), Plaintiff's Motion to Compel (ECF No. 33), Plaintiff's Motion to Amend Complaint (ECF No. 37), Plaintiff's Motion to Compel (ECF No. 40), and Plaintiff's Motion to Appoint Counsel (ECF No. 50). All pretrial All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II. PLAINTIFF'S DISCOVERY MOTIONS

Plaintiff's Motion for Sanctions and two Motions to Compel arise from the same set of discovery requests sent by Plaintiff. Defendants filed a Motion for Extension of Time (ECF No. 24) until July 5, 2018, to serve responses to Plaintiff's written discovery requests, which the court granted (ECF No. 29). On July 16, 2018, Plaintiff filed his Motion for Sanctions, noting that he had not received Defendants' discovery responses and asking the court to sanction counsel with a $5,000

penalty. He also filed his first Motion to Compel, asking the court to compel Defendants to respond to his discovery.

Defendants responded, stating that they had served their responses on Plaintiff but had difficulty gathering the information requested by Plaintiff because

> there is no evidence of the events and circumstances alleged by the Plaintiff. The Defendants' counsel has consulted with numerous officials within SCDC searching for relevant information. The Defendants have produce grievance records, automated medical records, and inmate transfer information. In addition, consultation has been made with the Division of Police Services which has found no evidence of the gang-related activity alleged by the Plaintiff.

Def. Resp. to Motion for Sanctions (ECF No. 34). Defendants argue that sanctions are not appropriate because they have not violated any court order as contemplated by Fed.R.Civ.P. 37. Rule 37(b)(2)(A) allows for sanctions when a party fails to obey an order to provide or permit discovery. The order Plaintiff references granted Defendants' own motion for an extension of time to serve discovery responses. It was not an order "to provide or permit discovery." Furthermore, Defendants represent that they had difficulty obtaining the information sought by Plaintiff. For the foregoing reasons, Plaintiff's first Motion to Compel is moot and his Motion for Sanctions is denied.

After receiving Defendants' discovery responses, Plaintiff filed a second motion, which was docketed as a Motion to Compel. He entitled the motion "Plaintiff's Request for Perjury Charges to be Brought Against Defendant Gregory Washington." Plaintiff asserts that Washington's response to interrogatory # 3 shows perjury. In response to Plaintiff's question, "Did you place the Plaintiff on deadlock on October 11, 2016, concerning an attempted assault in the Marion Unit? Yes or No.", Washington responded, "No. The Defendant Washington has no recollection of the events described and has found no documentation to support the Plaintiff's allegations." Washington Disc. Resp. p. 2 (ECF No. 40-1). Plaintiff points to a Request to Staff Member form he completed on October 18,

2016, in which he stated that on October 11, 2016, after being threatened by more than a dozen inmates with weapons, he and another inmate requested to be transferred to another until to avoid an altercation. He notes that Washington was made aware of the situation, but returned them to the same dorm on lockdown status, stating that he would deal with the issue the next day. Request to Staff Member Form (ECF No. 40-1). While Plaintiff may not agree with the response provided by Defendant Washington, this presents an issue of credibility which generally is not appropriately addressed under Rule 37, but is an issue for the trier of fact. Nonetheless, Plaintiff fails to show that sanctions are appropriate based on the record presented. Thus, Plaintiff's motion is denied.

### III. MOTION TO AMEND COMPLAINT

Plaintiff also seeks to amend his complaint to add the first name "Gregory" to Defendant Washington's name, remove Dennis Bush as a Defendant, change the amount of damages he seeks, drop any claim of sleep depravation, and amend his allegations regarding exhaustion. Defendants consent to Plaintiff's Motion. Thus, the clerk of court is directed to file Plaintiff's amended complaint, which is attached as an exhibit to the motion to amend, and to terminate Defendant Bush as a party to this action pursuant to Fed.R.Civ.P. 41(a).

### IV. MOTION TO APPOINT COUNSEL

Plaintiff seeks appointment of counsel because he is unable to afford counsel and his imprisonment limits his ability to litigate this case. There is no right to appointed counsel in § 1983 cases. Cf. Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment should be allowed only in exceptional cases. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case. This is a typical complaint by a prisoner seeking

to pursue a civil case pro se in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Accordingly, Plaintiff's request for a discretionary appointment of counsel is denied.

**V.     CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Sanctions (ECF no. 31) is **DENIED**, Plaintiff's Motion to Compel (ECF No. 33) is **MOOT**, Plaintiff's Motion to Amend Complaint (ECF No. 37) is **GRANTED**, Plaintiff's Motion to Compel (ECF No. 40) is **DENIED**, and Plaintiff's Motion to Appoint Counsel (ECF No. 50) is **DENIED**.  The clerk of court is directed to file Plaintiff's amended complaint, which is attached as an exhibit to the motion to amend, and to terminate Defendant Bush as voluntarily dismissed pursuant to Fed.R.Civ.P. 41(a).

**IT IS SO ORDERED**.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 21, 2019
Florence, South Carolina